Schoepfer v. UNH                    CV-97-42-SD    02/04/99
              UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Franz J. Schoepfer,
 Administrator of the
 Estate of Joann D. Schoepfer

     v.                                  Civil No. 97-42-SD

The University System
 of New Hampshire, et al


                          O R D E R

     In this civil rights action, plaintiff Joann Schoepfer[1]

alleges that her employer, University of New Hampshire,

discriminated against her in the terms and conditions of

employment on the basis of her sex and religion.  Currently

before the court are defendants' renewed motion for partial

judgment on the pleadings, defendants' request for clarification

of the court's Order of March 4, 1998, and an assented-to motion

for substitution of parties.


1. Defendants' Motion for Judgment on the Pleadings

     Defendants filed a previous motion for judgment on the

pleadings on December 17, 1997, in which they argued that the

_____

     [1]Joann Schoepfer is now deceased, and Franz Schoepfer
therefore will be substituted as plaintiff.

university police department was not an educational program covered by Title IX.  The court rejected this argument as inconsistent with the Congressional intent expressed in an amendment to Title IX providing that "the term 'program or activity' . . . mean[s] all of the operations of a college, university, or other postsecondary institution."  20 U.S.C. § 1687(2)(A); see Order of March 4, 1998.  Congress enacted this amendment "to restore . . . institution-wide application" of Title IX after the United States Supreme Court had held that application of Title IX was to be determined by separate analysis of each identifiable program within an institution.  See Grove City College v. Bell, 465 U.S. 555, 570-74 (1984).

After the March 4, 1998, ruling defendants filed a motion for reconsideration, arguing both that the university police department was not an educational program subject to Title IX, and that Title IX does not provide a private right of action for an employee.  The court acknowledged that there is a split of authority on the latter issue, but declared the cases finding Title IX contains an implied private cause of action for employment discrimination to be the better reasoned.  The reasoning the court found more persuasive was based on the fact that

> in North Haven Bd. of Educ. v. Bell, 456 U.S. 512
> (1982), the Court upheld federal regulations
> issued under Title IX prohibiting employment

2

> discrimination on the basis of sex at federally funded education institutions. Under <u>Cannon v. University of Chicago</u>, 441 U.S. 667 (1979), it is undisputed that a private right of action exists under Title IX. It appears inconsistent to hold that the private right of action under <u>Cannon</u> extends to some, but not all, of the conduct prohibited by Title IX.

Order of April 16, 1998, at 2. The court also rejected defendants' argument that the instant case can be distinguished from <u>Lipsett v. University of Puerto Rico</u>, 864 F.2d 881 (1st Cir. 1988), in which the United States Court of Appeals for the First Circuit implicitly recognized a private cause of action for employment discrimination under Title IX.

Defendants' current motion for judgment on the pleadings asks the court to reconsider its finding that Title IX creates an individual cause of action for employment discrimination. Defendants base this request on "new authority." Defendants' Renewed Motion for Partial Judgment on the Pleadings Based on New Authority at 2. None of the cited cases, however, is controlling on this court; indeed, none of the cases are even circuit court decisions. While the court acknowledges that the current trend seems to be away from finding a Title IX private cause of action for employment discrimination, the controlling authority in this circuit recognizes a private right of action for employment discrimination. <u>See</u> <u>Lipsett</u>, <u>supra</u>, 864 F.2d at 897.

3

## 2. Defendants' Request for Clarification

Defendants request the court to find that defendant Beaudoin cannot be individually liable under Title IX.  Although this issue was not previously presented to the court, it should be determined before this matter goes to trial.  As plaintiff acknowledges, the First Circuit has previously stated that Title IX cases may only be brought against educational institutions.  See Lipsett, supra, 864 F.2d at 901.  Thus plaintiff's Title IX claim against Beaudoin must be dismissed.

## Conclusion

For the abovementioned reasons, defendants' renewed motion for judgment on the pleadings (document no. 28) is denied, defendants' request for clarification (document no. 25) is granted, and plaintiff's motion for substitution of parties (document no. 29) is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 4, 1999

cc:  John M. Lewis, Esq.
     Martha V. Gordon, Esq.

4